*Melvin Jones Jr - Pro Se Plaintiff*

*1935 Hosler St - Flint, Michigan 48503*

*Ph #810-962-6225*

*Email: meljonesjr@gmail.com*

*IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT MICHIGAN*

*CASE # 2:21-cv-10937  AJT  EAS*

*Honorable Judge: Arthur J. Tarnow*

*Plaintiff Jones' DECLARATION  part two (2) which with 1 exhibit which relates to Jones' IFP Motion and Motion for Class Certification:*

*Melvin Jones Jr,*

*Plaintiff*

*v.*

*Veolia North,*

*Defendant*

*--------------------------------*

## *VEOLIA's CONTRACT WAS SLOPPY*:

Attached hereto is what I, Melvin Jones Jr., believe to be the [sloppy] VEOLIA contract --- HOWEVER, I [Melvin Jones Jr.) am UNABLE to properly see and read it !   Which is due to me being of LOW VISION/ seriously vision impaired.

Important here for my IFP Motion if that said SLOPPY Contract (for example) IS NOT IN LARGE - PRINT, and VEOLIA in doing so paid NO heed to the vision impaired Disabled Flint Residents such as myself (i.e. Melvin Jones Jr.).

On first blush, this may seem like 'so what' !

But, when viewed with the undisputed fact that when a [previous] AG for the State of Michigan (e.g. Bill Shuette) sued VEOLIA… said state court lawsuit was dismissed on the premise that "If Veolia is to be sued…. The Citizen[s] of Flint must do so."  Which can only mean one thing --- which is that the only persons with STANDING TO SUE VEOLIA are the Citizens of Flint (i.e. such as myself) --- because it was actually a contract (which should have been) meant to benefit Flint residents (e.g. ME).... And accordingly, VEOLIA's SLOPPY contract FAILED to take into account the VISION IMPAIRED, and in doing so --- VEOLIA's SLOPPY contract

ALSO  FAILED to meaningfully adhere to the American's with Disabilities Act, and because VEOLIA's SLOPPY contract and SLOPPY BID [adversely] affected MY USE AND ENJOYMENT OF MY HOME IN FLINT…. VEOLIA's SLOPPY CONTRACT failed to meaningfully protect my Fair Housing Rights.     Here, VEOLIA's SLOPPY Contract [additionally] failed to include "players" (for example) from HUD [or] the ADA enforcement division (i.e. both agencies freely give guidance advice); ALSO, there was NOT a Michigan State Resolution which "ratified" VEOLIA's SLOPPY Contract; Nor was The Michgan Department of Civil Rights included as an "advisor player."


## MOTION FOR CLASS CERTIFICATION:

Here, it is NOW RIPE for the Honorable Court to [upon appointing an attorney to represent the class and me as "lead class member"]... it is NOW appropriate for the Honorable Court to CERTIFY THE CLASS here.


## CLASS DEFINED:

That being sight impaired and disabled per MCL 257.19, indigent Flint residents who are of the age of 55 and older, who have resided in the City of Flint from the year 2014 to the end of the year 2021.


**Respectfully Submitted,**

**Date: April 29th, 2021**


Signed:........................................................................................

       **Melvin Jones Jr. - Pro Se Plaintiff**

(Proposal #15-573)

EM SUBMISSION NO.: _EMA 03720I5_

PRESENTED: ___2 - 4 - 15___

ADOPTED: ___2 . 4 - 15___

## RESOLUTION TO VEOLIA WATER FOR WATER QUALITY CONSULTANT

BY THE EMERGENCY MANAGER

### RESOLUTION

The Department of Purchases & Supplies has solicited a proposal to seek a water quality consultant as requested by the Utilities Department/Water Plant Division; and

Veolia Water, 101 West Washington St., Suite 1400 East, Indianapolis, IN was the sole bidder to submit from seven solicitations for said requirements. Funding for said services will come from the following accounts: 591-536.100-801.000; and

IT IS RESOLVED, that the Proper City Officials, upon the Emergency Manager's approval, are hereby authorized to enter into a contract with Veolia Water for water quality consulting in an amount not to exceed $40,000.00 (Water Fund)

APPROVED PURCHASING DEPT:

**Derrick Jones, Purchasing Manager**

APPROVED AS TO FORM:

**Peter M. Bade, City Attorney**

APPROVED AS TO FINANCE:

**Dawn Steele, Deputy Finance Director**

\EM DISPOSITION:

ENACT          REFER TO COUNCIL _____          FAIL _____

DATED: _2/4/15_

**Gerald Ambrose, Emergency Manager**

FY15 – DJ



## DEPARTMENT OF PURCHASES AND SUPPLIES

**Dayne Walling**
**Mayor**

**Derrick F. Jones**
**Purchasing Manager**

February 6, 2015

**TO:**        Brent Wright, Supervisor
                Water Plant

**FROM:**    Derrick F. Jones
                Purchasing Manager

**SUBJECT:**    VEOLIA WATER

Please be advised that the above mentioned vendor has been approved by the Emergency Manager on February 4, 2015. You may now enter a contract with Veolia Water for water quality consulting in an amount not to exceed $40,000.00.

If you have any questions, please call me.

DFJ/krn

Attachment

# CITY OF FLINT CONTRACT
# WITH VEOLIA WATER NORTH AMERICA OPERATING SERVICES, LLC

The purpose of this agreement is to enter into a contract to provide consulting services related to the Flint Water Treatment System updates for the City of Flint (hereinafter "City") and Veolia Water North America Operating Services, LLC., (hereinafter "Contractor").

**Applicable Law**: This contract shall be governed by and interpreted according to the laws of the State of Michigan pertaining to contracts made and to be performed in this state.

**Arbitration**: Contractor agrees to submit to arbitration all claims, counterclaims, disputes, and other matters in question arising out of or relating to this agreement, Contractor must request consent to arbitrate within 30 days from the date the Contractor knows or should have known the facts giving rise to the claim, dispute or question.

(a)     Notice of a request for arbitration must be submitted in writing by certified mail or personal service upon the City Attorney within a reasonable time after the claim; dispute or other matter in question has arisen. A reasonable time is hereby determined to be 14 days from the date the party demanding the arbitration knows or should have known the facts giving rise to his claim, dispute or question. In no event may the demand for arbitration be made after the time when institution of legal or equitable proceedings based on such claim dispute or other matters in question would be barred by the applicable statute of limitation.

(b)     Within 60 days from the date a request for arbitration is received by the City, the City shall inform Contractor whether it agrees to arbitrate. If the City does not consent, Contractor may proceed with an action in the appropriate court. If the City does consent, then within 30 days of the consent each party shall submit to the other the name of one person to serve as an arbitrator. The two arbitrators together shall then select a third person, the three together shall then serve as a panel in all proceedings. Any unanimous decision of the three arbitrators shall be a final binding decision. The City's failure to respond to a timely, conforming request for arbitration is deemed consent to arbitration.

(c)     The costs of the arbitration shall be spilt and borne equally between the parties and such costs are not subject to shifting by the arbitrator.

(d)     Contractor's failure to comply with any portion (including timeliness) of this provision shall be deemed a permanent waiver and forfeiture of the claim, dispute, or question.

**City Income Tax Withholding**:  Contractor and any subcontractor engaged in this contract shall withhold from each payment to his employees the City income tax on all of their compensation subject to tax, after giving effect to exemptions, as follows:

(a)     Residents of the City:
            At a rate equal to 1% of all compensation paid to the employee who is a resident of the City of Flint.


(b)     Non-residents:
            At a rate equal to 1/2% of the compensation paid to the employee for work done or services performed in the City of Flint.

            These taxes shall be held in trust and paid over to the City of Flint in accordance with City ordinances and State law.  Any failure to do so shall constitute a substantial and material breach of this contract.

**Compensation**:  The City shall pay for requested services plus expenses as have been set forth herein, a contract price not to exceed $_____40,000.00_____ upon submission of proper invoices, releases, affidavits, and the like. Contractor recognizes that the City does not guarantee it will require any set amount of services. Contractor's services will be utilized as needed and as determined solely by the City of Flint. Contractor expressly recognizes that it has no right to payment of any amount exceeding $40,000.00 Contractor agrees that oral agreements by City officials to pay a greater amount are not binding.

        1.     Contractor shall submit itemized invoices for all services provided under this Agreement identifying:

        (a)     The date of service
        (b)     The name of person providing the service and a general description of the service provided.
        (c)     The unit rate and the total amount due.

        Invoices shall be submitted to:

**City of Flint**                                    **City of Flint**
**Accounts Payable**                          **Utilities Department**
**P.O. Box 246**                                 **4500 North Dort Highway**
**Flint, MI 48501-0246**                    **Flint, Michigan 48505**

        Or email to:**accountspayable@cityofflint.com**

 The City may require additional information or waive requirements as it sees fit. The City will notify the Contractor of any errors or lack of sufficient documentation within 14 days of receipt of the invoice.

2

**Contract Documents**:  The invitation for bids, instructions to bidders, proposal, affidavit, addenda (if any), statement of bidder's qualifications (when required), general conditions, special conditions, performance bond, labor and material payment bond, insurance certificates, technical specifications, and drawings, together with this agreement, form the contract, and they are as fully a part of the contract as if attached hereto or repeated herein.

**Disclaimer of Contractual Relationship With Subcontractors:** Nothing contained in the Contract Documents shall create any contractual relationship between the City and any Subcontractor or Sub-subcontractor.

**Effective Date:** This contract shall be effective upon the date that it is executed by all parties and presented to the City of Flint Clerk.

**Certification, Licensing, Debarment, Suspension and Other Responsibilities:** Contractor warrants and certifies that Contractor and/or any of its principals are properly certified and licensed to perform the duties required by this contract in accord with laws, rules, and regulations, and it not presently debarred, suspended, proposed for debarment or declared ineligible for the award of Federal contracts by any Federal agency. Contractor may not continue to or be compensated for any work performed during any time period where the debarment, suspension or ineligibility described above exists or may arise in the course of Contractor contractual relationship with the City. Failure to comply with this section constitutes a material breach of this Contract. Should it be determined that contractor performed work under this contract while non-compliance with this provision, Contractor agrees to reimburse the City for any costs that the City must repay to any and all entities.

**Force Majeure:**  Neither party shall be responsible for damages or delays caused by Force Majeure or other events beyond the control of the other party and which could not reasonably have been anticipated or prevented.  For purposes of this Agreement, Force Majeure includes, but is not limited to, adverse weather conditions, floods, epidemics, war, riot, strikes, lockouts, and other industrial disturbances; unknown site conditions, accidents, sabotage, fire, and acts of God.  Should Force Majeure occur, the parties shall mutually agree on the terms and conditions upon which the services may continue.

**Good Standing**:  Contractor must remain current and not be in default of any obligations due the City of Flint, including the payment of taxes, fines, penalties, licenses, or other monies due the City of Flint.  Violations of this clause shall constitute a substantial and material breach of this contract.  Such breach shall constitute good cause for the termination of this contract should the City of Flint decide to terminate on such basis.

3

**Hold Harmless and Indemnification**: To the fullest extent permitted by law, thei City and Contractor (hereinafter in this section the "Indemnifying Party") each  agree to defend, pay on behalf of,  indemnify, and hold harmless the  other Party ("Indemnified Party"),its  elected and appointed officials, employees, volunteers and others working on behalf of the Indemnified Party, against any and all claims, demands, suits, or losses, including all costs connected therewith, and for any and all damages which may be asserted, claimed, or recovered against or from the Indemnified Party, its elected and appointed officials, employees, volunteers or others working on behalf of the City, arising out of this Agreement, including but not limited to those by reason of personal injury, including bodily injury or death and/or property damage, including loss of use thereof, including those which may arise as a result of the Indemnifying Party's  acts, omissions, faults, and negligence or that of any of his employees, agents, and representatives.

**Independent Contractor**: No provision of this contract shall be construed as creating an employer-employee relationship. It is hereby expressly understood and agreed that Contractor is an "independent contractor" as that phrase has been defined and interpreted by the courts of the State of Michigan and, as such, Contractor is not entitled to any benefits not otherwise specified herein.

**Insurance/Worker's Compensation:** Contractor shall not commence work under this contract until he has procured and provided evidence of the insurance required under this section. All coverage shall be obtained from insurance companies licensed and authorized to do business in the State of Michigan unless otherwise approved by the City's Risk Manager. All coverage shall be with insurance carriers reasonably acceptable to the City of Flint. Contractor shall maintain the following insurance coverage for the duration of the contract.

      (a)    <u>Commercial General Liability</u> coverage of not less than one million dollars ($1,000,000) combined single limit with the City of Flint, and including all elected and appointed officials, all employees and volunteers, all boards, commissions and/or authorities and their board members, employees and volunteers, named as "Additional Insureds" with respect to Contractor's duties and activities under the scope of this Agreement. This coverage shall include the following coverages as found in the most current edition of the  ISO occurrence basis form CG 00 01: Bodily Injury, Personal Injury, Property Damage, Contractual Liability, Products and Completed Operations, Independent Contractors; Broad Form Commercial General Liability Endorsement and (XCU) Exclusions deleted. This coverage shall be primary to the Additional Insureds, and not contributing with any other insurance or similar protection available to the Additional Insureds, whether said other available coverage be primary, contributing, or excess.

(b)     <u>Workers Compensation Insurance</u> in accordance with Michigan statutory requirements, including Employers Liability coverage with limits of one million dollars ($1,000,000) per accident.

(c)     <u>Commercial Automobile Insurance</u> in the amount of not less than $1,000,000 combined single limit per accident with the City of Flint, and including all elected and appointed officials, all employees and volunteers, all boards, commissions and/or authorities and their board members, employees and volunteers, named as "Additional Insureds." This coverage shall be written on ISO business auto forms (or its equivalent) covering Automobile Liability, code "any auto."

(d)     <u>Professional Liability - Errors and Omissions</u>. All projects involving the use of Architects, civil engineers, landscape design specialists, and other professional services must provide the City of Flint with evidence of Professional Liability coverage in an amount not less than one million dollars ($1,000,000). Evidence of this coverage must be provided for a minimum of three years after project completion.
        Contractor shall furnish the City with a certificate of insurance for all coverage requested with original endorsements as required herein for those policies requiring the Additional Insureds. The certificate must identify the City of Flint, Risk Management Division, as the "Certificate Holder." If any of the above polices are due to expire during the term of this contract, Contractor shall deliver renewal certificates to the City of Flint with in ten business days of the expiration date. Contractor shall ensure that all subcontractors utilized obtain and maintain all insurance coverage required by this provision.

**Laws and Ordinances**: Contractor shall obey and abide by all of the laws, rules and regulations of the Federal Government, State of Michigan, Genesee County and the City of Flint, applicable to the performance of this agreement, including, but not limited to, labor laws, and laws regulating or applying to public improvements.

**Modifications:** Any modifications to this contract must be in writing and signed by the parties or the authorized employee, officer, board or council representative of the parties authorized to make such contractual modifications under State law and local ordinances.

**No Third-Party Beneficiary:** No contractor, subcontractor, mechanic, materialman, laborer, vendor, or other person dealing with the principal Contractor shall be, nor shall any of them be deemed to be, third-party beneficiaries of this contract, but each such person shall be deemed to have agreed (a) that they shall look to the principal Contractor as their sole source of recovery if not paid, and (b) except as otherwise agreed to by the principal Contractor and any such person in writing, they may not enter any claim or bring any such action against the City under any circumstances. Except as provided by law, or as otherwise agreed to in writing between the City and such person, each such person shall be deemed to have waived in writing all rights to seek redress from the City under any circumstances whatsoever.

5

**Non-Assignability:** Contractor shall not assign or transfer any interest in this contract without the prior written consent of the City provided, however, that claims for money due or to become due to Contractor from the City under this contract may be assigned to a bank, trust company, or other financial institution without such approval. Notice of any such assignment or transfer shall be furnished promptly to the City.

**Non-Disclosure/Confidentiality:** Contractor agrees that the documents identified herein as the contract documents are confidential information intended for the sole use of the City and that Contractor will not disclose any such information, or in any other way make such documents public, without the express written approval of the City or the order of the court of appropriate jurisdiction or as required by the laws of the State of Michigan.

**Non-Discrimination:** Contractor shall not discriminate against any employee or applicant for employment with respect to hiring or tenure; terms, conditions, or privileges of employment; or any matter directly or indirectly related to employment, because of race, color, creed, religion, ancestry, national origin, age, sex, height, weight, disability or other physical impairment, marital status, or status with respect to public assistance.

**Notices:** Notices to the City of Flint shall be deemed sufficient if in writing and mailed, postage prepaid, addressed to **Howard Croft, Department of Public Works Director, 1101 South Saginaw, Flint, Michigan 48502** and **Inez Brown, City Clerk, City of Flint, 1101 S. Saginaw Street, Flint, Michigan 48502**, or to such other address as may be designated in writing by the City from time to time. Notices to Contractor shall be deemed sufficient if in writing and mailed, postage prepaid, addressed to **General Counsel, 200 E. Randolph St., Suite 7900, Chicago, IL 60601**, or to such other address as may be designated in writing by Contractor from time to time.

Payments to Contractor by Client shall be by check payable to Contractor addressed to Contractor's address or by electronic transfer.

**R-12 Prevailing Wages:** Contractor is aware of City of Flint Resolution #R-12 dated April 8, 1991, which is hereby incorporated by reference, and agrees to abide by all of the applicable covenants and requirements set forth in said resolution.

**Records Property of City:** The contractor will provide a copy of all documents, information, reports and the like prepared or generated as a result of this contract to the City of Flint.

**Scope of Services:** Contractor shall provide all of the materials, labor, equipment, supplies, machinery, tools, superintendence, insurance and other accessories and services necessary to complete the project in accordance with the proposals submitted on January 29, 2015. Contractor shall perform the work in accordance with the Standard General Conditions and the Additional Terms and Conditions provided for in this contract in Exhibit A hereto.

6

**Severability**: In the event that any provision contained herein shall be determined by a court or administrative tribunal to be contrary to a provision of state or federal law or to be unenforceable for any reason, then, to the extent necessary and possible to render the remainder of this Agreement enforceable, such provision may be modified or severed by such court or administrative tribunal so as to, as nearly as possible, carry out the intention of the parties hereto, considering the purpose of the entire Agreement in relation to such provision. The invalidation of one or more terms of this contract shall not affect the validity of the remaining terms.

**Standards of Performance**: Contractor agrees to exercise independent judgment and to perform its duties under this contract in accordance with sound professional practices. The City is relying upon the professional reputation, experience, certification, and ability of Contractor. Contractor agrees that all of the obligations required by him under this Contract shall be performed by him or by others employed by him and working under his direction and control. The continued effectiveness of this contract during its term or any renewal term shall be contingent upon Contractor maintaining any required certification in accordance with the requirements of State law.

**Subcontracting**: No subcontract work, if permitted by the City, shall be started prior to the written approval of the subcontractor by the City. The City reserves the right to accept or reject any subcontractor.

**Termination**: This contract may be terminated by either party hereto by submitting a notice of termination to the other party, pursuant to Article III of Exhibit A herein. Such notice shall be in writing and shall be effective 10 days from the date it is submitted unless otherwise agreed to by the parties hereto. Contractor, upon receiving such notice and prorated payment upon termination of this contract shall give to the City all pertinent records, data, and information created up to the date of termination to which the City, under the terms of this contract, is entitled.

**Time of Performance**: Contractor's services shall commence immediately upon receipt of the notice to proceed and shall be carried out forthwith and without reasonable delay.

**Union Compliance:** Contractor agrees to comply with all regulations and requirements of any national or local union(s) that may have jurisdiction over any of the materials, facilities, services, or personnel to be furnished by the City.

**Waiver:** Failure of the City to insist upon strict compliance with any of the terms, covenants, or conditions of this Agreement shall not be deemed a waiver of any term, covenant, or condition. Any waiver or relinquishment of any right or power hereunder at any one or more times shall not be deemed a waiver or relinquishment of that right or power at any other time.

**Whole Agreement**: This written agreement and the documents cited herein embody the entire agreement between the parties. Any additions, deletions or modifications hereto must be in writing and signed by both parties.

7

IN WITNESS WHEREOF, the parties have executed this contract this __(day)__ 10th of DLC
February , 2015.

CONTRACTOR:                                          WITNESS(ES):

Its _____

CITY OF FLINT, a Michigan Municipal Corp.:

**Gerald Ambrose**
**Emergency Manager**

APPROVED AS TO FORM:

**Peter M. Bade**
**Chief Legal Officer**

8

EXHIBIT A
Additional Terms and Conditions

ARTICLE I – DEFINITION OF WORK

Contractor shall, as an independent contractor and not as an employee or agent of theCity, provide consulting and related services to Client in connection with the Project as outlined in Contractor's Proposal dated January 29, 2015, attached hereto as Exhibit A, hereinafter referred to as the "Services".

ARTICLE II - PAYMENTS

For Services enumerated under this Agreement, the City agrees to pay and Contractor agrees to accept compensation and the payment terms outlined as follows:

Contractor shall be paid a firm fixed fee of $225 per person per hour to perform the Services, as defined further in Article VII. As further defined in this section, the Services provided shall not exceed the following: for the One Week Assessment the fee paid by the City shall not exceed $40,000 for labor and expenses. Contractor shall submit an invoice as soon as practicable after the Project is completed.  Invoices so submitted shall be paid within thirty (30) days after receipt byCity.

ARTICLE III - TERM

The Agreement shall be effective as of the date of this Agreement and shall continue for a term not to exceed sixty days.

ARTICLE IV – LIMITATION OF LIABILITY

IN NO EVENT SHALL CONTRACTOR BE LIABLE TO CLIENT FOR INCIDENTAL, INDIRECT, CONSEQUENTIAL, SPECIAL, PUNITIVE OR EXEMPLARY DAMAGES OF ANY KIND - INCLUDING LOST REVENUES OR PROFITS, LOSS OF BUSINESS OR LOSS OF DATA - ARISING OUT OF THIS AGREEMENT (INCLUDING WITHOUT LIMITATION AS A RESULT OF ANY BREACH OF ANY TERM OF THIS AGREEMENT), REGARDLESS OF WHETHER CONTRACTOR WAS ADVISED, HAD OTHER REASON TO KNOW, OR IN FACT KNEW OF THE POSSIBILITY THEREOF.

CONTRACTOR'S LIMIT OF LIABILITY UNDER THIS AGREEMENT SHALL IN NO EVENT EXCEED THE TOTAL PAYMENTS MADE BY CLIENT TO CONTRACTOR.

ARTICLE V – SCOPE OF WORK

The City has asked that work be carried out in stages.  This is reflected in the January 29, 2015 Veolia proposal (the Proposal) both in text and in graphics.  The initial stages to be carried out are more specifically defined below.  The findings in those stages will be used to further identify future work.   The Services to be provided are:

One Week Assessment - This involves a Kick Off meeting with the client and a Top Down assessment as defined in the Proposal.  Veolia would provide two water and two communication experts for a total of 40 hours each at $225 an hour plus expenses.  The product from that week would be a letter or power point presentation reviewing actions taken by the City to date, validating what has been done by the city to date and plans proposed going forward making recommendations for other ideas to try, putting a schedule together for those ideas s if more study or other actions is needed to investigate ideas..  The scope of work will involve the water plant, distribution system and communications with customers.  This would include a presentation of the findings to stakeholders and others upon the city's request.  The City would provide access to staff, consultants and records for review.

Implementation and Management Assistance - The RFP asked for additional services over a longer period of time.  At this point it is not clear if additional services are needed, what type of service this would involve, how the services would be provided and for how long.  Any such additional services, terms and

9

conditions therefore would be negotiated at a later date, whether through change order, amendment or otherwise.

# ACORD® CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY)** 02/09/2015

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. IF SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: | | |
|---|---|---|---|
| Marsh USA, Inc. 540 W. Madison Street Chicago, IL 60661 Attn: Veolia.CertRequest@marsh.com \| Fax: 212-948-5053 | PHONE (A/C, No, Ext): | | FAX (A/C, No): |
| | E-MAIL ADDRESS: | | |
| | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| | INSURER A : ACE American Insurance Company | | 22667 |
| INSURED Veolia Water North America Operating Services, LLC 101 West Washington Street, Suite 1400 Indianapolis, IN 46204 | INSURER B : ACE Fire Underwriters Insurance Company | | 20702 |
| | INSURER C : Illinois Union Insurance Company | | 27960 |
| | INSURER D : N/A | | N/A |
| | INSURER E : | | |
| | INSURER F : | | |

## COVERAGES   CERTIFICATE NUMBER: CHI-005103069-01   REVISION NUMBER: 2

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | GENERAL LIABILITY [X] COMMERCIAL GENERAL LIABILITY CLAIMS-MADE [X] OCCUR | | | HDO G27340167 | 01/01/2015 | 01/01/2016 | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 1,000,000 |
| | | | | | | | MED EXP (Any one person) | $ 10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: [X] POLICY PRO-JECT LOC | | | | | | GENERAL AGGREGATE | $ 1,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ 1,000,000 |
| | | | | | | | | $ |
| A | AUTOMOBILE LIABILITY [X] ANY AUTO ALL OWNED AUTOS SCHEDULED AUTOS HIRED AUTOS NON-OWNED AUTOS | | | ISA H0883040A | 01/01/2015 | 01/01/2016 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | UMBRELLA LIAB OCCUR EXCESS LIAB CLAIMS-MADE DED RETENTION$ | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | AGGREGATE | $ |
| | | | | | | | | $ |
| A B | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY Y/N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? N N/A (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | | | WLR C48139814 (AOS) SCF C48139838 (WI) | 01/01/2015 01/01/2015 | 01/01/2016 01/01/2016 | [X] WC STATU-TORY LIMITS OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ 1,000,000 |
| C | Contractors' Pollution and Professional Liability | | | GOO G27269096 001 CPL SIR = $250,000 | 07/01/2013 | 01/01/2016 | Each Occurrence Prof Liab SIR = $1,000,000 | 1,000,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, if more space is required)
City of Flint, and including all elected and appointed officials, all employees and volunteers, all boards, commissions and/or authorities and their board members, employees and volunteers are included as additional insured (except workers' compensation and professional liability) where required by written contract. This insurance is primary and non-contributory over any existing insurance and limited to liability arising out of the operations of the named insured and where required by written contract.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| City of Flint Risk Management Division 4500 North Dort Highway Flint, MI 48505 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. AUTHORIZED REPRESENTATIVE of Marsh USA Inc. Manashi Mukherjee |

© 1988-2010 ACORD CORPORATION. All rights reserved.

ACORD 25 (2010/05)   The ACORD name and logo are registered marks of ACORD