# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

*In re* Flint Water Cases.

_____/

Judith E. Levy
United States
District Judge

This Order Relates To:

*Melvin Jones, Jr. v. Veolia North*
Case No. 21-10937

_____/

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [3], DISMISSING CASE WITH PREJUDICE, DENYING PENDING MOTIONS [14, 17, 32, 39, 40, 43, 51, 56, 65, 70] AS MOOT, ENJOINING PLAINTIFF FROM FURTHER EMAIL COMMUNICATION WITH THE COURT AND COURT STAFF, AND ENJOINING PLAINTIFF FROM FURTHER FILINGS WITHOUT LEAVE OF THE COURT**[1]

---

[1] Plaintiff has indicated in several of his filings that he has a "serious vision impairment" and requires large print. (*See, e.g.,*

Before the Court is pro se Plaintiff Melvin Jones, Jr.'s application to proceed without prepaying fees and costs. (ECF No. 3.) For the reasons set forth below, Plaintiff's application to proceed without prepaying fees and costs is granted (ECF No. 3) and this case is dismissed with prejudice.

## I. BACKGROUND

On April 27, 2021, Plaintiff filed a complaint against Defendant Veolia North (ECF No. 1), and the case was assigned to the Honorable Arthur J. Tarnow. That same day, Plaintiff applied to proceed in forma pauperis ("IFP"). (ECF No. 3.) Plaintiff did not request a summons

---

ECF No. 15, PageID.94.) Accordingly, this Opinion and Order is issued in 18 pt. font and footnotes are in 16 pt. font.

2

and has not served the complaint on any Defendant. Within the next three business days, Plaintiff filed eight docket entries, ranging from a "NOTIFICATION of an upcoming confidential (via email) attempt at conciliation of the instant matter with VEOLIA [and] need to utilize ZOOM platform for hearings. . ."[2] (ECF No. 6), to a "Statement to Honorable Judge Tarnow as to ALLOWING this case to go forward per CONTINUING HARM which RELATES to both Jones' IFP Motion and RELATES to Jones' Motion for Class Certification." (ECF No. 10.)

---

[2] Throughout this Opinion and Order, when quoting directly from Plaintiff's docket entries, the Court will maintain all capitalizations, punctuation, brackets, and emphasis as it is set forth by Plaintiff in the original.

Judge Tarnow issued an order on May 3, 2021 indicating that, "the facts set forth in Plaintiff's Complaint are too vague for the Court to determine, at this juncture. . ." (ECF No. 11.) Judge Tarnow ordered Plaintiff to amend his complaint to include a more definite statement on or before June 18, 2021, or the case would be dismissed. (*Id.*)

Following Judge Tarnow's Order, Plaintiff's docket entries included the following: (1) a request that the Court amend Plaintiff's complaint for him (ECF No. 12); (2) an amended complaint (ECF No. 15); (3) a supplemental amended complaint (ECF No. 26); and (4) an amended complaint (ECF No. 52). On May 10, 2021, this Case was reassigned to the undersigned as a companion to the Flint Water Cases.

Plaintiff's original complaint is difficult to follow. (*See* ECF No. 1.) He does not cite to any laws that he alleges were violated, nor does he set forth any other bases for sustaining his complaint.[3]

On the same day Judge Tarnow ordered Plaintiff to submit a more definite statement, Plaintiff filed an amended complaint against Defendant Veolia North. (ECF No. 15.) In it, he seeks appointment of counsel and he indicates that he is unable to determine if his lawsuit is appropriate for class certification. (*Id.* at PageID.95.)

---

[3] Additionally, where Plaintiff is to set forth the basis of federal jurisdiction, he states, "GENERAL FEDERAL JURISDICTION AS CURRENTLY PERTAINS TO THE FLINT WATER CRISIS LAWSUITS # 16-10444 JEL MKM." (*Id.* at PageID.4.) He does not cite to or describe a basis for jurisdiction under either federal question or diversity jurisdiction.

Days later, on May 6, 2021, Plaintiff filed a "Supplemental First Amended Complaint. (ECF No. 26.) He again includes a request for the appointment of counsel to assist him in ascertaining whether his case is eligible to proceed as a class action. (ECF No. 26.) In addition to Veolia North, Plaintiff adds an additional claim against a new Defendant, the Napoli Law Firm, which he indicates is brought under 42 U.S.C. § 1981 and 1982. (*Id.* at PageID.208.)

Plaintiff filed yet another amended complaint on May 17, 2021. (ECF No. 52.) This complaint lists even more parties and sets forth different legal theories from earlier iterations of his complaint. He lists Plaintiffs as himself, "Federal EPA, City of Flint, Wells Fargo Bank, HUD, and The State of Michigan," and he lists

6

Defendants as "Napoli Law Firm, attorney Patrick Lanciotti and attorney Hunter and Attorney Corey Stern." (*Id.*) There is no indication that any of the Plaintiffs listed, besides himself, have joined this litigation, and in any event, Plaintiff cannot serve as counsel to these entities because he is not a lawyer. *See Zanecki v. Health Alliance Plan of Detroit*, 576 Fed. App'x 594, 595 (6th Cir. 2014).

> As to the original Defendant Veolia North, he states:
>
> And… more to the point, Jones believes that pursuant to an email which remains confidential (e.g. sent to attorney defendants and VEOLIA NORTH) and Honoroable Judge Tarnow's law clerk…. That it is appropriate that VEOLIA NORTH BE DISMISSED FROM THIS LAWSUIT.

(*Id.* at PageID.623.)

7

As to the named Defendants, Plaintiff cites to 42 U.S.C. §§ 1981, 1982, 1983, 3613, and the Americans with Disabilities Act, with no further elaboration as to these specific statutes. (*Id.* at PageID.625.)

He also states the following regarding the relief sought:

1. He seeks to have the State of Michigan Attorney General "'weigh-in' on [h]er (e.g. AG Nessel's opinion IN DETAIL about the approximately [over] $200,000,000.xx in attorney fees which the Plaintiffs' Attorneys are seeking as to the 'companion' case" (*Id.* at PageID.638);

2. He seeks to have this Court "ASK the Michigan Attorney General (e.g. Dana Nessel) to 'weigh in'" regarding named defendants' alleged "LACK OF

8

COMPLIANCE WITH Michigan State LARA regulation" (*Id.* at PageID.639); and

3. He indicates that he also seeks "the SAME 'weighing in' (e.g. ADVISORY OPINION) from the Michigan State Supreme Court" as to the above two items set forth above (*Id.* at PageID.640).[4]

## A. Docket Entries and Communications from Plaintiff to the Court

In addition to the 79 docket entries Plaintiff has filed as of the date of this Order, Plaintiff began emailing this

---

[4] The Court preliminarily approved a partial settlement, the terms of which are set forth in the Master Settlement Agreement (MSA), in the Flint Water Cases on January 21, 2021. (*See* No. 16-10444, ECF No. 1399.) The MSA provided a process for filing objections to its terms no later than March 29, 2021.

Court and its staff beginning on or about January 26, 2021. As of May 21, 2021, he has sent over 350 e-mails.

## B. Pending Motions

Plaintiff's IFP application is still pending. Plaintiff has also filed the following motions: (1) a motion/application for appointment of counsel (ECF No. 14); (2) a motion for summary judgment on the pleadings (ECF No. 17); (3) an amended motion for class certification related to request for declaratory relief (ECF No. 32); (4) a motion to recuse/ challenge for cause/ a preemptory challenge to this Court (ECF No. 39); (5) a corrected motion to recuse/ a preemptory challenge to this Court (ECF No. 40); (6) a motion to amend the case caption (ECF No. 43); (7) a motion for the Court to ask for advisory opinions from the State of Michigan

Attorney General's office and the Michigan Supreme Court (ECF No. 51); (8) an "additional" motion as to ethical issues for the Michigan Supreme Court and Attorney General's office (ECF No. 56); (9) a motion that the Napoli Law Firm's "false claims not be tolerated" (ECF No. 65); and (10) a motion as to harm and damages (ECF No. 70).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(e) permits the Court to order a more definite statement where a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. of Civ. P. 12(e). If a court order for a more definite statement is not obeyed within 14 days or within the deadline set by the Court, "the court may strike the pleading or issue any

other appropriate order." *Id*. Rule 12(e) permits a party to file a motion for a more definite statement, but it is well-established that the Court may do so on its own initiative, such as here where Judge Tarnow issued a Rule 12(e) order. *See Dunbar v. Caruso*, No. 11-10123, 2011 WL 3474004 at * 3 (E.D. Mich. July 12, 2011) (citing *Alston v. Parker*, 363 F.3d 229, 234 n. 7 (3d Cir. 2004); *Dumas v. Hurley Med. Ctr.*, No. 10–12661, 2011 WL 35407, at *1 (E.D. Mich. Jan. 5, 2011)

In addition to Rule 12(e) the statute governing submission of a case without payment of the filing fee states, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; [or] (ii) fails to state

12

a claim on which relieve may be granted." 28 U.S.C. § 1915(e)(2)(b)(ii)-(iii). Accordingly, where an IFP complaint fails to state a claim, dismissal under § 1915(e)(2)(b) is mandatory.

A complaint brought without the assistance of counsel is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). While Plaintiff is not required to include detailed factual allegations, his complaint must include more than a bare assertion of legal principles or conclusions. *Id*. Rule 8 "demands more than an unadorned, the defendant-

unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## III. ANALYSIS

### A. Plaintiff's IFP Application is Granted

As an initial matter, Plaintiff's application for IFP is granted. The IFP statute, 28 U.S.C. § 1915(a) states, in relevant part:

> any court of the United States may authorize the commencement, . . . of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action,

defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a).

Here, Plaintiff indicated that he is disabled, receives $794 for "food welfare and welfare" each month, is not employed, has $3 in his checking account and $21 in his savings account. (ECF No. 3, pageID.11–12.) He also has a MI-ABLE account and a Charles Schwab stock account that each carry a very small balance. The Court finds that Plaintiff has satisfied the requirements of § 1915(a).

## B. Plaintiff's Complaint is Dismissed

The Court's independent inquiry regarding Plaintiff's claims under §1915(a) mandates that this case be dismissed with prejudice. Plaintiff has already dismissed Veolia North (ECF No. 52, PageID.623), so the

15

Court need not address whether this entity exists or whether Plaintiff has set forth a claim against it.

The Court grants leave to permit the May 17, 2021 complaint to serve as the operative complaint. *See* Fed. R. Civ. P. 15(a). (ECF No. 52.) As set forth above, Plaintiff has set forth three items that he seeks as remedies in his case, namely, that the Michigan Attorney General and Michigan Supreme Court "weigh in" on two topics. (ECF No. 52.) Plaintiff does not cite any statute that would authorize such relief.

Where Plaintiff does cite to statutes, he lists: 42 U.S.C. §§ 1981, 1982, 1983, 3613, and the Americans with Disabilities Act. (*Id.*) But Plaintiff does not describe how Defendants are alleged to have violated these statues. Nor does Plaintiff set forth facts that could

16

support a viable claim under any of these statues. Accordingly, Plaintiff's complaint is dismissed with prejudice.

Plaintiff was sanctioned with an order enjoining him from future filings absent leave from the court in *Jones v. Mich. Dept. of Civ. Rights*, No. 18-11834, before Hon. Marianne Battani. In that case, Plaintiff (and his co-plaintiff in that case, Colleen Connors) filed over thirty-five items before the initial scheduling conference, resulting in an order staying the case. After a Report and Recommendation was issued by the Magistrate Judge recommending that Judge Battani dismiss the matter, Plaintiffs "advanced over 100 objections spread over 150 pages in twenty-five separate filings." (No. 18-11834, ECF No. 443, PageID.3398.) Judge Battani dismissed

17

the case, and afterwards, Plaintiffs continued to file numerous motions. (*Id*.) Judge Battani indicated that this prolific filing reflected Plaintiff's "refusal to accept that his lawsuit has been dismissed." (*Id*.) Judge Battani noted that Plaintiff had caused needless expense and unnecessary burden to the parties, the Court, and the Sixth Circuit. (*Id*. at PageID.3400.)

Plaintiff has engaged in similar conduct in this case and is enjoined from further filings, as the case is now closed. To be clear: no further filings will be accepted from Plaintiff absent leave of the Court. In order to obtain leave, Plaintiff must certify that the filings he presents have not been raised and disposed of in this Court or in the Court of Appeals and that they set forth a claim for relief as well as the basis for that claim. Any

18

proposed filing must be described in a summary of no more than two pages.

Moreover, Plaintiff is enjoined from e-mailing, faxing, or otherwise contacting the Court, Court staff, or any United States District Court employee unless he complies with the requirements set forth above for seeking leave. Plaintiff's many emails to the Court are unauthorized and improper *ex parte* communications.

## C. Plaintiff's pending motions are denied because the case has been dismissed.

Plaintiff's case has been dismissed, and accordingly, all pending motions are denied as moot.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed without prepayment of fees and costs is granted

19

and his case is dismissed with prejudice. All pending motions are denied as moot. No further filings or proceedings shall take place in this matter without prior approval of the Court, as set forth above.

IT IS SO ORDERED.

Dated: May 24, 2021         <u>s/Judith E. Levy</u>
Ann Arbor, Michigan         JUDITH E. LEVY
                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 24, 2021.

                                <u>s/William Barkholz</u>
                                WILLIAM BARKHOLZ
                                Case Manager